Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
CHRISTOPHER MAYN GILLESPIE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTOPHER MAYN GILLESPIE,<br><br>Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code §§ 1692-1692n<br>California Civil Code §§ 1788-1788.33 |

Plaintiff, CHRISTOPHER MAYN GILLESPIE, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I.  INTRODUCTION**

1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692n (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

1  collection practices by many debt collectors.  Abusive debt collection practices contribute to the

2  number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

3  individual privacy.

4

5        b.    Existing laws and procedures for redressing these injuries are inadequate to

6  protect consumers.

7        c.    Means other than misrepresentation or other abusive debt collection

8  practices are available for the effective collection of debts.

9

10        d.    Abusive debt collection practices are carried on to a substantial extent in

11  interstate commerce and through means and instrumentalities of such commerce.  Even where

12  abusive debt collection practices are purely intrastate in character, they nevertheless directly

13  affect interstate commerce.

14        e.    It is the purpose of this title to eliminate abusive debt collection practices by

15  debt collectors, to insure that those debt collectors who refrain from using abusive debt

16  collection practices are not competitively disadvantaged, and to promote consistent State action

17  to protect consumers against debt collection abuses.

18

19        3.    Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal

20  Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA")

21  which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.

22  The California Legislature has found that:

23
>  The banking and credit system and grantors of credit to consumers are
24  dependent upon the collection of just and owing debts.  Unfair or
>  deceptive collection practices undermine the public confidence which is
25  essential to the continued functioning of the banking and credit system
>  and sound extensions of credit to consumers.[1]
26

27  / / /

28

---

[1]  Cal. Civil Code § 1788.1(a)(1).

## II.  JURISDICTION

4.   Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692n ("FDCPA").

## III.  VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

8.   Plaintiff, CHRISTOPHER MAYN GILLESPIE (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.   Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), is a Kansas corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at:  8875 Aero Drive, Suite 200, San Diego, California  92123.

MCM may be served as follows: Midland Credit Management, Inc., c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. The principal purpose of MCM is the collection of defaulted consumer debts using the mails and telephone, and MCM regularly attempts to collect defaulted consumer debts alleged to be due another. MCM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, MIDLAND FUNDING, LLC (hereinafter "MIDLAND FUNDING"), is a Delaware limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 8875 Aero Drive, Suite 200, San Diego, California 92123. MIDLAND FUNDING may be served as follows: Midland Funding, LLC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. The principal purpose of MIDLAND FUNDING is the collection of defaulted consumer debts using the mails and telephone, and MIDLAND FUNDING regularly attempts to collect defaulted consumer debts alleged to be originally due another. MIDLAND FUNDING is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11.    MIDLAND FUNDING purchases consumer debt after it has fallen into default and engages MCM to send collection notices on its behalf to collect the defaulted consumer debts. Plaintiff is informed and believes, and thereon alleges, that MIDLAND FUNDING is liable for the acts of MCM, because MIDLAND FUNDING engaged MCM to collect a defaulted consumer debt on its behalf and MIDLAND FUNDING directed the unlawful activities described herein.[2]

12.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency,

---

[2] See, *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D. N.M. 1994) and *Police v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

1    service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

2    qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI.  FACTUAL ALLEGATIONS

13.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Citibank, N.A. (hereinafter "the debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to Defendants for collection from Plaintiff.

15.    Thereafter, Defendants filed a lawsuit against Plaintiff to collect the debt.  Said lawsuit was filed in the Superior Court of the State of California, County of Santa Clara and assigned Case No. 1-14-CV-273313 (hereinafter "the collection lawsuit").

16.    On or about December 1, 2015, Plaintiff retained the legal services of Fred W. Schwinn of Consumer Law Center, Inc., to represent him in the collection lawsuit.

17.    On or about December 1, 2015, Fred W. Schwinn emailed counsel for Defendants (Exhibit "1") which notified Defendants that Plaintiff was represented by Fred W. Schwinn in the collection lawsuit.  Thereafter, on December 8, 2015, Defendants' counsel acknowledged that Plaintiff was represented by counsel with regard to the debt and the collection lawsuit.

18.    A true and accurate copy of the email chain between from Fred W. Schwinn and Defendants' counsel is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

1
2

19.   Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was represented by an attorney with regard to the debt on December 8, 2015.

3
4
5
6

20.   Thereafter, on December 22, 2015, Plaintiff and Defendants entered into a Settlement Agreement and Mutual Release which resolved the collection lawsuit and which released and extinguished the debt.

7
8

21.   A true and accurate copy of the fully executed Settlement Agreement and Mutual Release is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

9
10
11

22.   Thereafter, on or about February 8, 2016, Defendants mailed a collection letter (Exhibit "3") directly to Plaintiff.

12
13

23.   A true and accurate copy of the collection letter is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

14
15

24.   The collection letter (Exhibit "3") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16
17

## VII.  CLAIMS

18

### FAIR DEBT COLLECTION PRACTICES ACT

19
20

25.   Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692n.

21
22
23

26.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

24
25

27.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

26
27

28.   Defendant, MCM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28

29.     Defendant, MIDLAND FUNDING, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.     The financial obligation alleged to be owed by Plaintiff was a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

31.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

    a.     Defendants continued to communicate directly with Plaintiff regarding the collection of the debt after Defendants knew that Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2);

    b.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c.     Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d.     Defendants attempted to collect a debt that had been released and extinguished, an action that cannot be lawfully taken, in violation of 15 U.S.C. § 1692e(5); and

    e.     Defendants attempted to collect a debt that is known by Defendants to be released and extinguished, in violation of 15 U.S.C. § 1692f.

32.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

33.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

34.     Plaintiff brings the second claim for relief against Defendants under the Rosenthal

Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

36.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

37.     Defendant, MCM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38.     Defendant, MIDLAND FUNDING, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

40.     Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.     Defendants continued to communicate directly with Plaintiff regarding the collection of the debt after Defendants knew that Plaintiff was represented by an attorney with respect to the debt, in violation of Cal. Civil Code §§ 1788.14(c) and 1788.17;[3]

b.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[4]

c.     Defendants misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[5]

d.     Defendants attempted to collect a debt that had been released and

[3]  15 U.S.C. § 1692c(a)(2).
[4]  15 U.S.C. §§ 1692e and 1692e(10).
[5]  15 U.S.C. § 1692e(2)(A).

- 8 -
COMPLAINT

extinguished, an action that cannot be lawfully taken, in violation of Cal. Civil Code § 1788.17;[6] and

    e. Defendants attempted to collect a debt that is known by Defendants to be released and extinguished, in violation of Cal. Civil Code § 1788.17.[7]

  41. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

  42. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

  43. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[8]

  44. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

  45. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

 a) Assume jurisdiction in this proceeding;

---

[6] 15 U.S.C. § 1692e(5).
[7] 15 U.S.C. § 1692f.
[8] 15 U.S.C.§ 1692k(a)(2)(A).
[9] 15 U.S.C.§ 1692k(a)(3).

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.14(c) and 1788.17;

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[10]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


Dated:  February 8, 2017            By: /s/ Fred W. Schwinn
                                    ☐ Fred W. Schwinn (SBN 225575)
                                    ☐ Raeon R. Roulston  (SBN 255622)
                                    ☐ Matthew C. Salmonsen  (SBN 302854)
                                    CONSUMER LAW CENTER, INC.
                                    12 South First Street, Suite 1014
                                    San Jose, California  95113-2418
                                    Telephone Number: (408) 294-6100
                                    Facsimile Number: (408) 294-6190
                                    Email Address: fred.schwinn@sjconsumerlaw.com

                                    Attorneys for Plaintiff
                                    CHRISTOPHER MAYN GILLESPIE

---

[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER MAYN GILLESPIE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.